UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REMINGTON DONOVAN WILLINGHAM,

   Plaintiff,

 v.

KING CTY. DEP'T OF ADULT & JUV. DET., *et al.*,

   Defendants.

CASE NO. 2:21-cv-01028-RAJ-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  January 7, 2022

  The District Court has referred this civil rights action to United States Magistrate Judge J. Richard Creatura. This Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Plaintiff filed this action under 42 U.S.C. § 1983.

  Because plaintiff's amended complaint was deficient, this Court ordered him to file a second amended complaint by October 30, 2021. When this Court learned that plaintiff had been transferred to a different facility, it extended the time to file a second amended complaint to December 6, 2021. To date, plaintiff has not complied with this order and has not shown good

REPORT AND RECOMMENDATION - 1

1  cause for his failure to do so. So this case should be dismissed without prejudice for failure to
2  prosecute and failure to comply with court orders.

## BACKGROUND AND DISCUSSION

4  The Court granted plaintiff's motion to proceed *in forma pauperis* ("IFP") and reviewed
5  his complaint. *See* Dkts. 5, 7–8. On September 3, 2021, because the complaint was deficient, this
6  Court ordered plaintiff to file an amended complaint by October 4, 2021. Dkt. 9.

7  On September 16, 2021, plaintiff filed an amended complaint. Dkt. 10. On September 30,
8  2021, because the amended complaint was still deficient, this Court ordered plaintiff to file a
9  second amended complaint by October 30, 2021. Dkt. 11.

10  On November 1, 2021, plaintiff filed a motion to stay and notice of change of address.
11  Dkt. 19. On November 4, 2021, this Court issued an order construing this motion as a motion for
12  extension of time to file a second amended complaint and directed plaintiff to do so by
13  December 6, 2021. Dkt. 20. This Court cautioned plaintiff that it would dismiss the case if
14  plaintiff did not file a SAC by that date. *Id.* at 2.

15  To date, plaintiff has not filed a second amended complaint. Rather, according to the
16  Clerk's internal docket notation, plaintiff contacted the Clerk on December 13, 2021 and stated
17  that he had not "received mail regarding his case" and that "the law library ha[d] been closed due
18  to COVID and he d[id] not have access to legal materials." In response, the Clerk confirmed that
19  plaintiff's address of record at Western State Hospital was correct.

20  Here, this case should be dismissed for failure to prosecute and failure to comply with
21  court orders. This Court gave plaintiff ample time to file a second amended complaint, which he
22  has yet to do. Plaintiff previously represented in his motion to stay that Western State Hospital
23  did not have a law library. In its order construing this motion as a motion for extension of time,
24

this Court explained, "Filing a [second amended complaint] does not require legal research because this Court ordered [plaintiff] to file it on this District's § 1983 form, which requires plaintiff to plead 'facts,' not legal authority." Dkt. 20 at 2 (citing Dkt. 11-1 at 5). Further, this Court noted that it had twice sent plaintiff copies of this District's § 1983 form. Plaintiff's representation to the Clerk that he is not receiving mail from this Court is factually unsupported. Moreover, the Clerk has verified that his address of record is correct and, to date, no Court mail sent to that address has been returned as undeliverable. In short, plaintiff has not shown good cause for his failure to comply with this Court's order to file a second amended complaint. Accordingly, this case should be dismissed for failure to prosecute and failure to comply with court orders.

### IFP STATUS ON APPEAL

Petitioner should not be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter would be frivolous, IFP status should not be granted for purposes of appeal.

### CONCLUSION

As discussed above, it is recommended that this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with court orders. It is further recommended that this case be CLOSED.

| | |
|---|---|
| 1 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have |
| 2 | fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. |
| 3 | 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* |
| 4 | review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those |
| 5 | objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.* |
| 6 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule |
| 7 | 72(b), the Clerk is directed to set the matter for consideration on **January 7, 2022** as noted in the |
| 8 | caption. |

Dated this 22nd day of December, 2021.

J. Richard Creatura
Chief United States Magistrate Judge